FILED
03/26/2024
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Jennifer McMullen
DV-15-2024-0000468-PI
Coffman, Danni
1.00

Alex K. Evans  
Wayne E. Olson  
GLACIER LAW FIRM, PLLC  
165 Commons Loop Ste 3  
Kalispell, MT 59901  
Telephone: (406) 552-4343  
alex@glacierlawfirm.com  
*Attorneys for Plaintiffs*

**MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY**

| | |
|---|---|
| **KATRINA HOLLY, KATRINA HOLLY as parent of ELIAS HOLLY, KATRINA HOLLY as parent of DYLAN HOLLY, JODIE NORDNESS as parent of MAKENZIE NORDNESS, and SIENNA LILLY as parent of MALACHI LILLY,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**<br><br>Defendant. | Cause No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

    **COME NOW,** Plaintiffs Katrina Holly, Katrina Holly as parent of Elias Holly, Katrina Holly as parent of Dylan Holly, Jodie Nordness as parent of Makenzie Nordness, and Sienna Lilly as parent of Malachi Lilly and hereby complain and allege as follows:

1. Jurisdiction for this cause lies in within the State of Montana, in that the collision and injuries that are the subject of this Complaint occurred within the State of Montana.

2. This cause arises from breach of contract for damages, arising from a bodily injury, which occurred on or about August 7, 2020.

3. Venue is proper in the above Court in that the collision out of which this claim arose occurred in or near Kalispell, in Flathead County, Montana.

4. At all material times herein, Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM") sold insurance policies and collected premiums for those policies doing business in the state of Montana and subject to the laws of Montana.

5. At all material times herein, Plaintiff purchased Underinsured Motorist Coverage with Defendant State Farm.

6. At all material times herein, Defendant State Farm agreed to insure Plaintiff with underinsured motorist coverage.

## FACTS COMMON TO ALL COUNTS

7. On or about August 7, 2020, Plaintiffs were traveling westbound on Old Reserve Drive in Kalispell, Montana.

8. On or about August 7, 2020, Plaintiffs stopped at the intersection of Old Reserve Drive and Wolfpack Way in Kalispell, Montana.

9. On or about August 7, 2020, Kevin Farabaugh was traveling westbound on Old Reserve Drive in Kalispell, Montana.

10. Upon information and belief, Kevin Farabaugh was intoxicated and operating a motor vehicle in violation of Montana law.

11. Kevin Farabaugh crashed into the rear of the vehicle Plaintiffs were in with such force that it blew out the back window of Plaintiffs' mini-van.

12. Kevin Farabaugh fled the scene of the crash.

13. The force of the crash caused extensive damages to Plaintiffs.

14. Kevin Farabaugh was insured with Farmers insurance.

15. On or about January 12, 2022, a settelement demand was sent to Farmers insurance to tender its policy limits.

16. On or about January 14, 2022, an *Augustine* letter was sent to Lynelle Dufel to State Farm.

17. On or about January 19, 2022, Farmers agreed to tender its liability policy limits.

18. Neither State Farm nor Ms. Duefel ever responded to Plaintiffs' *Augustine* letter.

19. On February 13, 2023, a UIM demand was sent to Ms. Duefel and State Farm.

20. On February 15, 2023, Allie Janik, a State Farm adjuster advised State Farm would respond to the demand by March 15, 2023.

21. Instead of responding to the demand, like it said it would, State Farm turned the claim over to Tracey Neighbor Johnson.

22. On March 8, 2023, Ms. Johnson became the de-facto adjuster for State Farm.

23. Ms. Johnson made duplicative requests for information that had been previously provided to State Farm and or her office.

24. Ms. Johnson refused to make a settlement offer.

25. Despite providing over 2,000 pages of additional information that State Farm and its agent Ms. Johnson requsted, Ms. Johnson and State Farm refused to negotiate or make payment on the claim.

26. Ms. Johnson, acting as an agent of State Farm in a de-facto adjuster role, engaged in dilatory tactics to delay the payment of the claim.

27. Despite State Farm's statement on February 15, 2023 that it only needed 28 days to evaluate the claims, Ms. Johnson and State Farm never made any offers.

28. Instead of paying or negotiating the claim, Ms. Johnson continued to make requests for information that had been either provided to her office and or State Farm.

## COUNT I

## **BREACH OF CONTRACT**

29. Plaintiffs re-allege the allegations contained in paragraphs 1 through 28.

30. Defendant State Farm had a duty to make payments upon a reasonable investigation with all available information.

31. Defendant State Farm had a duty to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed.

32. Defendant State Farm has been provided with the Montana Vehicle Crash Report.

33. Plaintiffs provided Defendant State Farm with medical records, medical bills and other proof as to the nature and severity of Plaintiffs' injuries.

34. Plaintiffs requested that Defendant State Farm make payment to Plaintiffs under their underinsured insurance coverage for damages that they sustained.

35. Defendant State Farm promised it would evaluate and negotiate the claims on or before March 15, 2023.

36. Instead, it hired Tracey Neighbor Johnson to act as an agent and de-facto adjuster for State Farm.

37. Ms. Johnson refused to negotiate the claim.

38. Plaintiffs provided proof to Defendant State Farm that the at-fault driver's liability limits were exceeded.

39. Defendant State Farm' UIM agreement provides that they will pay compensatory damages to its injured insureds.

40. Defendant State Farm failed to make payments to Plaintiffs for their damages under the policy in a timely fashion.

41. Defendant State Farm is aware that Plaintiffs' injuries and damages exceed the at fault's policy limits.

42. Defendant State Farm failed to make payments to Plaintiffs for their damages under the policy in a timely fashion.

43. Defendant State Farm has refused to make payment of damages that the Plaintiffs are legally entitled to collect.

44. Defendant State Farm' actions and its refusal to make payment has damaged the Plaintiffs.

## COUNT II

## COMMON LAW BAD FAITH

45. Plaintiffs re-allege the allegations contained in paragraphs 1 through 44.

46. Defendant had a duty to pay more than $300,000.00 in UIM damages.

47. Plaintiffs sent Defendant numerous letters and correspondence asking Defendant to pay the claim.

48. Defendant had a duty to pay Plaintiffs' damages related to the motor vehicle crash.

49. Defendant repeatedly refused to pay Plaintiffs' claim.

50. Defendant rejected Plaintiffs' claim for payment.

51. Defendant's rejection of Plaintiffs' claim was unreasonable.

52. Defendant violated its fiduciary duty to Plaintiffs when it unreasonably rejected Plaintiffs' claim.

53. Defendant's rejection caused injury to Plaintiffs.

54. Defendant's rejection of Plaintiffs' claim was in bad faith.

## COUNT III

## UNFAIR CLAIM SETTLEMENT PRACTICES, BREACH OF FIDCUCIARY DUTIES, AND BAD FAITH

55. Plaintiff hereby re-alleges the allegations set forth in counts 1 through 54.

56. Defendant State Farm owed a duty to not misrepresent the facts pertinent to Plaintiffs' UIM policy coverage.

57. Defendant State Farm owed a duty to effectuate prompt and fair settlements once liability became reasonably clear.

58. Defendant State Farm neglected to attempt in good faith to effectuate prompt, fair, and equitable settlement of Plaintiffs' claim in this case where liability has become reasonably clear.

59. Defendant State Farm violated its duties to Plaintiffs by failing to effectuate prompt and fair settlements once liability became reasonably clear.

60. Defendant State Farm has not provided a written refusal or explanation for its refusal to pay policy limits after Plaintiffs provided additional proof.

61. Defendant State Farm has made it a pattern of its practices and behavior in handling and adjusting the claim of its insured Plaintiffs to violate § 33-18-201, MCA; § 33-18-242, MCA; and its common law duties of good faith and fair dealing and fiduciary duties with its insureds, by continuing to deny payments when proof of damages has been well established and properly submitted not consistent with its fiduciary duties to its insureds and §§ 33-18-201 and 242, MCA, and in violation of the reasonable expectations of the insureds and the Defendant's own advertising representations and promises.

62. Plaintiffs have been injured by Defendant State Farm' improper actions.

63. Defendant State Farm' actions constitute fraud and/or malice, and it should be required to pay exemplary damages in accordance with § 27-1-221, MCA.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant as follows:

1. For all general and compensatory damages proved and awarded by the jury or court;
2. For all special damages proved and awarded by the jury or court;
3. For punitive damages;
4. For treble damages;
5. For all other damages allowed by law and awarded by the jury;
6. For Plaintiffs' costs and disbursements in this action; and
7. For such other and further relief as the Court deems just and equitable under the circumstances.

## JURY DEMAND

1. Plaintiffs hereby demand a jury trial on all claims triable by right.

Dated: March 26, 2024.

GLACIER LAW FIRM, PLLC

By: /s/ Alex K. Evans
Alex K. Evans
Wayne E. Olson
GLACIER LAW FIRM, PLLC
165 Commons Loop Ste 3
Kalispell, MT 59901
Telephone: (406) 552-4343
alex@glacierlawfirm.com
*Attorneys for Plaintiffs*